## Sanitary Water Board Records

RENO, Attorney General, September 7, 1939.—This department is in receipt of your letter of recent date advising that you have had a formal request from the district attorney of one of the counties of this Commonwealth for a copy of a survey of Codorus Creek made by the Bureau of Engineering of your department and concerning which survey certain reports were made to and considered by the Sanitary Water Board. You further state that you do not know whether or not such a survey would be included in the category of the papers, records,

and documents of the Sanitary Water Board as provided in section 607 of the Act of June 22, 1937, P. L. 1987, which reads as follows:

"All papers, records, and documents of the board, and applications for permits pending before the board, shall be public records open to inspection during business hours, and copies of all such public records and the rules and regulations of the board, certified by the Secretary of Health, shall be received in evidence in all courts and elsewhere."

Specifically, you desire our opinion on the following:·

1. Under the terms of the aforesaid section are you· obliged to comply with the request of the said district attorney?

2. What constitutes the "papers, records, and documents of the board"?

3. Are the provisions of the above section applicable to all papers, records, and documents of the board or only such of them as have been filed or have accumulated subsequent to the date the act was approved?

The Act of 1937, supra, is very comprehensive in its scope and provides a system whereby the Sanitary Water Board is charged with the important duty of protecting the waters of this Commonwealth from sewage pollution and industrial waste, and private water supplies from deleterious matter; furthermore, it confers upon the board great powers to regulate stream and water pollution or abate the nuisance resulting therefrom. In fact, an examination of the statutes pertinent to this subject discloses that this board is the paramount authority within the Commonwealth with respect thereto. The Administrative Code of April 9, 1929, P. L. 177, sec. 2109(a), provides, in part, as follows:

"The Department of Health shall have the power, and its duty shall be:

"(a) To act as the enforcement agent for the Sanitary Water Board. The department shall make such inspections, conduct such investigations, and do such other acts

as the Sanitary Water Board shall, from time to time, direct, but the department shall, in the exercise of its powers and the performance of its duties hereunder, be subject at all times to the rules and regulations, orders, and directions of the Sanitary Water Board. . . ."

Despite the vast authority vested in the Department of Health regarding the waters of this State, it is significant to note that, with regard to this particular phase of the subject, the department is, in some respects, subordinated to the greater power of the board. We have no doubt, therefore, that the magnitude of the authority so conferred by the legislature impelled it, to some extent at least, to require that the board's records and proceedings be open and subject to inspection by the public.

In construing the section under discussion we must follow a fundamental rule of construction and ascertain and give full effect to the intent and purpose of the legislature as expressed in the language used, as well as the result sought to be accomplished. In view of the vast powers granted to this board, and taking into consideration that the language employed is plain and unambiguous and must be given its ordinary and commonly understood meaning, we have no hesitancy in concluding that the legislature intended that *all* papers, records, and documents of the board and applications for permits pending before it should be public records. Since under section 2109 of The Administrative Code, supra, the Department of Health is required to make such inspections and conduct such investigations as the board shall direct, we are of the opinion that any data accumulated or surveys made for, as well as the results of, and reports on, any inspection or investigation made by your department for the board, constitute a part of its records and documents and are, therefore, open to public inspection. In this latter category would fall the survey of Codorus Creek requested by the district attorney. Not included therein, however, would be data and records of the Department of Health gathered and used by the Bureau of Engineer-

ing in an independent investigation of stream and water pollution and sewage and industrial waste problems not made at the request of the board or submitted to and considered by it.

We come, then, to a consideration of your final question, viz., whether this section of the act applies to all papers, documents, etc., or only such as have been filed and accumulated since the adoption of the act. In this connection you have advised us that under date of August 16, 1937, you were advised, in a letter of advice from this department, that the section should be construed prospectively and does not apply to records and papers which were filed under former acts of assembly and under old rules and regulations of the board. With this conclusion we cannot agree. It is true that retrospective legislation is not favored and that all statutes are to be construed as having only a prospective operation unless the purpose and intention of the legislature to give them a retrospective effect clearly and plainly appears. However, we are of the opinion that this section of the act cannot properly be called retrospective. It confers a *new* right but does not affect or impair a right acquired under a previous law. The section clearly states that *all* papers, records, and documents of the board shall be public records, open to inspection, and had the legislature intended that the right so conferred should be limited only to those records which have been filed and accumulated since the adoption of the act, it would have so stated. This conclusion is strengthened by an examination of the act itself. The very next section (608) provides that "All rules and regulations *heretofore adopted* by the board . . . shall continue in force . . ." (Italics supplied). We cannot attribute a vain thing to the legislature and it would seem only reasonable that, since rules and regulations made previous to the adoption of the act should continue in force, the data and records supporting the said rules and regulations should be open to inspection as much as the data, findings, and records supporting

rules and regulations made by the board subsequent to the adoption of the act.

Although we conclude that all the said records, papers, and documents are open to public inspection, we are not of the opinion that the right to inspect can be exercised indiscriminately. At common law the right to inspect public documents or to make copies therefrom is limited to those persons who have an interest therein, such as would enable them to maintain and defend an action for which the records and papers sought can furnish evidence or necessary information. The right of the public generally to inspect public records must be based, as in this case, upon statutory authority. We do not believe that the law contemplates an indiscriminate examination of the said records or would permit anyone to conduct a fishing expedition. On the other hand, we believe that the section should be so construed as to permit an inspection and examination only by those who can give a good and sufficient reason therefor.

In view of the above, we are of the opinion and you are advised:

1. That the survey of Codorus Creek made by the Bureau of Engineering in the Department of Health is a record of the Sanitary Water Board which is open to public inspection. However, it should be noted that "public inspection" does not mean that your department or the board is under any obligation to send a copy of this survey or any other record to anyone who requests the same. The only obligation imposed upon the board is to allow anyone coming to the offices of the board the right to inspect the records as they pertain to any matter in which that persons has a legitimate interest.

2. That the order of business and the minutes of the board, reports made to the board by the Department of Health, as its enforcement agent, correspondence to and from the board, orders of the board, records of actions before the board, data accumulated or surveys made for the board by the Department of Health, the results or

32

reports on any inspection or investigation made for the board by the Department of Health and applications for permits and the permits of the board, constitute the aforesaid public records.

3. That the provisions of the said section of the act are not prospective only, but apply to all the papers, records, and documents of the board, whether obtained, filed, or accumulated subsequent or antecedent to the adoption of the act.